UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUAN MANUEL CAMPOS,<br><br>    Defendant. | Case No. 1:21-CR-00042-DCN<br><br>**REPORT AND RECOMMENDATION** |

On August 9, 2021, Defendant Juan Manuel Campos appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 34.) The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 15), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described as a crime of violence in subparagraph (A) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was arrested on November 21, 2020, pursuant to an arrest warrant. Defendant had his initial appearance on the Criminal Complaint before Magistrate Judge Ronald E. Bush on November 23, 2020. (Dkt. 5.) The Government filed a motion for detention but later stipulated to release at the detention hearing. (Dkt. 3, 10.) Defendant was ordered released on conditions on November 24, 2020. (Dkt. 11.) An Indictment was returned on February 11, 2021, and Defendant had an initial appearance and arraignment on the Indictment on February 19, 2021. (Dkt. 15, 19.) Defendant was continued on release subject to the conditions previously ordered.

Since his release on November 24, 2020, Defendant has complied with all conditions of pretrial release. Defendant reports to having maintained employment of more than fifty hours per week, provides financial support to his wife and daughter, and helps care for his ailing sister. Further, during his pretrial release, Defendant has been present for all of his court appearances.

According to the Government, it has no objection to the Court finding exceptional

**REPORT AND RECOMMENDATION - 2**

reasons to continue Defendant's release. The Government advised that it is not aware of any facts suggesting Defendant poses an enhanced risk of flight or danger to the community at this time. The Pretrial Status Report indicates Defendant is in compliance with all conditions of release, and Pretrial Services has recommended that Defendant's conditions of pretrial supervision remain unchanged.

According to the Defendant's proffer, Defendant's performance on pretrial supervision demonstrates that he is exceptionally unlikely to feel or pose a danger to the community. In particular, Defendant notes that he has maintained employment for fifty-plus hours per week as a truck driver for the duration of his pretrial supervision. Defendant provides the excess of his earnings to his wife, from whom he is separated, to support their daughter. Defendant is also involved in the care of his younger sister who is in treatment for acute lymphoblastic leukemia, providing her a place to stay and care for her following her chemotherapy until she is well enough to return home.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court will recommend release be continued under the conditions previously imposed. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

**REPORT AND RECOMMENDATION - 3**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Juan Manuel Campos' plea of guilty to Count Two of the Indictment (Dkt. 15).

2) The District Court order forfeiture consistent with Defendant Juan Manuel Campos' admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 15) and the Plea Agreement (Dkt. 34).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One of the Indictment (Dkt. 15) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 11).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 9, 2021

_____
Candy W. Dale
Chief United States Magistrate Judge

**REPORT AND RECOMMENDATION - 4**